**Salvador RAMIREZ–DIAZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–72091.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed July 29, 2015.

Lori Beth Schoenberg, Law Offices of Lori B. Schoenberg, Los Angeles, CA, for Petitioner.

---

See Fed. R.App. P. 34(a)(2). Thus, we reject Hovsepyan's request for oral argument.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Tiffany L. Walters, Trial, Yedidya Cohen, Trial, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, Jennifer Paisner Williams, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

### MEMORANDUM \*\*

Salvador Ramirez–Diaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's denial of his request for a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, and review de novo claims of due process violations. *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008). We deny the petition for review.

The agency did not abuse its discretion in denying Ramirez–Diaz's request for a further continuance because he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed v. Holder,* 569 F.3d 1009, 1012 (9th Cir.2009) (factors considered in determining whether the denial of a continuance constitutes an abuse of discretion include the nature of the evidence excluded as a result of the denial).

Accordingly, Ramirez–Diaz's claim that he was denied a full and fair hearing and deprived of his statutory right to counsel must fail. *Lata v. INS,* 204 F.3d 1241,

1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

We reject Ramirez–Diaz's contention that the BIA's decision was insufficient, where the agency invoked the applicable "good cause" legal standard and cited pertinent legal authorities. *Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir.2010) (agency need not "write an exegesis on every contention").

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).